UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bais Yaakov of Spring Valley,
on behalf of itself and all others
similarly situated,

        Plaintiffs,

   v.

Varitronics, LLC,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 14-5008 ADM/FLN

_____

Aytan Yehoshua Bellin, Esq., Bellin & Associates LLC, White Plains, NY, and Brant D. Penney, Esq., Reinhardt Wendorf & Blanchfield, St. Paul, MN, on behalf of Plaintiffs.

Bryan R. Freeman, Esq., Lindquist & Vennum LLP, Minneapolis, MN, on behalf of Defendant.
_____

## I. INTRODUCTION

On August 11, 2015, the undersigned United States District Judge heard oral argument on Defendant Varitronics, LLC's ("Varitronics") Motion to Dismiss, for Stay, and for Summary Judgment [Docket No. 43]. Plaintiff Bais Yaakov of Spring Valley ("Bais Yaakov") opposes the motion. For the reasons set forth below, Varitronics' motion is granted in part.

## II. BACKGROUND[1]

This putative class action case stems from eight unsolicited fax advertisements Bais Yaakov received between November 2013 and February 2014. See Compl. [Docket No. 1] ¶ 10; Ex. A (the "Fax Advertisements"). Bais Yaakov alleges the Fax Advertisements violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and New York General

---

[1] The complete background of this dispute is fully recited in the Court's April 3, 2015 Memorandum Opinion and Order [Docket No. 35] ("April 3 Order").

Business Law § 396-aa.  Compl. ¶ 1.

On January 30, 2015, Varitronics moved to dismiss [Docket No. 22] the Complaint, arguing that since the Fax Advertisements were sent by a third party, R&M Letter Graphics, Inc. ("R&M"), Varitronics was not liable under the TCPA or New York state law.  Varitronics' motion was denied on April 3, 2015.  <u>See</u> April 3 Order.

After Varitronics' initial motion to dismiss was denied, Varitronics made three offers of judgment to Bais Yaakov pursuant to Rule 68 of the Federal Rules of Civil Procedure.  The three offers of judgment were each for $13,000 plus additional amounts determined by the Court for costs, the latest of which was extended on August 10, 2015.  <u>See</u> Freeman Decl. [Docket No. 46] Ex. B (May 20, 2015 Rule 68 Offer); Ex. C (June 9, 2015 Rule 68 Offer); Third Freeman Decl. [Docket No. 57] Ex. S (August 10, 2015 Rule 68 Offer).  Bais Yaakov did not accept any of Varitronics' offers of judgment.

Varitronics now moves again for dismissal.  Varitronics argues that because Bais Yaakov declined to accept a Rule 68 Offer of Judgment that would have afforded it complete relief, its claims are moot.  Alternatively, Varitronics asks that proceedings be stayed until the United States Supreme Court issues a decision in <u>Campbell-Ewald Co. v. Gomez</u>, 135 S.Ct. 2311 (2015), which is set for argument on October 14, 2015.

### III.  DISCUSSION

**A.  Motion to Dismiss**

Because its offers of judgment are in excess to the recovery Bais Yaakov could recover on its claims, Varitronics contends Bais Yaakov has been offered complete relief.  Varitronics argues that under <u>Genesis Healthcare Corp. v. Symczyk</u>, —U.S.—, 133 S. Ct. 1523 (2013), Bais

2

Yaakov's failure to accept the Rule 68 offers of judgment moots this case and deprives this Court of subject matter jurisdiction. Bais Yaakov disagrees and argues that an unaccepted Rule 68 offer does not provide redress or make it impossible for this Court to grant effectual relief, therefore this case is not moot.

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III § 2; Flast v. Cohen, 392 U.S. 83, 94 (1968). When a case becomes moot in the Article III sense—that is, "'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome'"—a court must dismiss the case for lack of jurisdiction. U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)); see also Ali v. Cangemi, 419 F.3d 722, 723–24 (8th Cir. 2005) (en banc). The "heavy burden of proving mootness" falls on Varitronics. Kennedy Bldg. Assocs. v. Viacom, Inc., 375 F.3d 731, 745 (8th Cir. 2004) (citation and internal quotation marks omitted). A case is moot when the plaintiff receives all relief requested in the complaint and no longer has a "personal stake in the outcome of the lawsuit." Spencer v. Kemma, 523 U.S. 1, 7 (1988) (citation and internal quotation marks omitted).

Prior to Genesis Healthcare, circuits were split as to whether an unaccepted Rule 68 offer of complete relief could thwart a putative class action lawsuit. Compare Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004) (holding that unaccepted Rule 68 offer of full relief did not moot case), with Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011) (holding that unaccepted Rule 68 offer of full relief before class certification did moot case). In Genesis Healthcare, the named plaintiff brought a collective action for alleged violations of the Fair Labor Standards Act. 133 S. Ct. at 1527. After the plaintiff received and did not accept a Rule

3

68 offer of full judgment, the district court dismissed for lack of subject matter jurisdiction, concluding that the offer of judgment mooted the lawsuit. Id. The Court of Appeals reversed, finding that such offers of judgment were strategic moves designed to "pick off" named plaintiffs and curtail potential class action lawsuits. Id. In reversing the Third Circuit decision, the Supreme Court assumed without deciding that because the Rule 68 offer mooted the individual plaintiff's claim, the entire lawsuit was moot because the plaintiff lacked any personal interest in representing others in the suit. Id. at 1529. In a frequently cited dissent, Justice Kagan wrote that an unaccepted offer of judgment does not moot the controversy because relief remains possible. Id. 1523–37 (Kagan, J., dissenting). Justice Kagan attacked the majority's assumption that an unaccepted Rule 68 offer of full judgment mooted a case, explaining that an unaccepted offer of judgment cannot moot a case because "[a]n unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." Id. at 1533.

In Genesis Healthcare's wake, the judicial landscape is uncertain on the mootness question in the context of offers of judgment in putative class actions. Compare Hanover Grove Consumer Hous. Coop. v. Berkadia Commercial Mortg., LLC, No. 13-13553, 2014 WL 354674 (E.D. Mich. Jan. 31, 2014) (holding that under Genesis Healthcare, Rule 68 offer of full judgment mooted putative class action); Mey v. N. Am. Bancard, LLC, No. 14-11331, 2014 WL 6686773, at *2–3 (E.D. Mich. Nov. 26, 2014) (same); St. Amant v. Knights' Marine and Indus. Servs., Inc., No. 14-174, 2015 WL 4568813, at *6 (S.D. Miss. July 28, 2015) (same), with Chapman v. First Index, Inc., —F.3d—, —, Nos. 14-2773, 14-2775, 2015 WL 4652878, at *3 (7th Cir. Aug. 6, 2015) (overruling decisions "to the extent that they hold that a defendant's offer

4

of full compensation moots the litigation or otherwise ends the Article III case or controversy"); Hooks v. Landmark Indus., Inc., —F.3d—, —, No. 14-20496, 2015 WL 4760253, at *3–4 (5th Cir. Aug. 12, 2015) (holding that an unaccepted Rule 68 offer did not moot the individual or the class claims).

While the Eighth Circuit has not directly ruled on this issue after Genesis Healthcare, District courts in this circuit have declined to use the Genesis Healthcare majority opinion to terminate a putative class action at an early stage. See Sandusky Wellness Ctr. LLC v. Medtox Sci., Inc., No. 12-2066, 2013 WL 3771397, at *2 (D. Minn. July 18, 2013) (finding Genesis Healthcare inapposite to a TCPA based putative class action). The majority in Genesis Healthcare noted several differences between collective and class actions, specifically stating Rule 23 cases are "inapposite . . . because Rule 23 actions are fundamentally different from collective actions under the FLSA." Genesis Healthcare, 133 S. Ct. at 1529. This lawsuit arises under the TCPA and seeks Rule 23 relief, a distinction explicitly noted in Genesis Healthcare. Therefore, Varitronics' motion to dismiss is denied.

**B. Motion to Stay**

In the alternative, Varitronics requests this action be stayed pending the Supreme Court's resolution of Campbell-Ewald.[2] While Bais Yaakov agrees that Campbell-Ewald is likely to

---

[2] Varitronics also contends that resolution of Robbins v. Spokeo, Inc., 742 F.3d 409 (9th Cir. 2014) cert. granted, —U.S.—, 135 S. Ct. 1892 (2015), may also conclusively determine whether this Court has subject matter jurisdiction. In that case, the Supreme Court will address the question of whether a plaintiff has Article III standing based solely on a statutory violation. Spokeo, Pet. for Writ of Certiorari (i); see also Boise v. ACE USA, Inc., No. 15-21264, 2015 WL 4077433, at *5 (S.D. Fla. July 6, 2015) (noting question presented). While it is possible the Supreme Court will resolve the current circuit split with Spokeo, both parties here believe Campbell-Ewald will more likely be dispositive of the issue.

5

clarify the law regarding Rule 68 offers of judgment and mootness in the context of putative class actions, Bais Yaakov argues that a stay is inappropriate because pausing this action is prejudicial to its ability to collect evidence and prosecute its claims on a class wide basis.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In considering a motion for stay, the court considers the interests of the parties, the conservation of judicial resources, and the hardship or prejudice that may result if a stay is granted. In re Hanson, No. 13-2991, 2013 WL 6571594, at *1 (D. Minn Dec. 13, 2013); Asarco LLC v. NL Indus., Inc., No. 11-864, 2013 WL 943614, at *3 (E.D. Mo. Mar. 11, 2013).

Like the case at bar, Campbell-Ewald is a putative class action alleging violations of the TCPA. Gomez v. Campbell-Ewald Co., 768 F.3d 871, 873 (9th Cir. 2014). After the named plaintiff let a Rule 68 offer lapse, the defendant moved for dismissal, arguing that the personal and putative class claims were moot. Id. at 874. The district court denied the motion and the Ninth Circuit agreed, holding that both the individual and class claims remained in controversy and that Genesis Healthcare did not compel the opposite result. Id. The Supreme Court granted certiorari to consider, among other issues, the following question: "Whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim." Campbell-Ewald Co. v. Gomez, No. 14-857, 2015 WL 241891 (U.S.), Pet. for Writ of Certiorari (i).

Several federal district courts have elected to stay similar proceedings until a decision in Campbell-Ewald is reached. See e.g., Wolf v. Lyft, Inc., No. 15-1441, 2015 WL 4455965, at *2

6

(N.D. Cal. July 20, 2015); Boise, 2015 WL 4077433, at *5–6; Williams v. Elephant Ins. Co., No. 15-119, 2015 WL 3631691, (E.D. Va. May 27, 2015); Klein v. Verizon Commc'ns, Inc., No 14-1735 (4th Cir.);³ In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act. Litig, 13-2493 (N.D. W. Va.).⁴

In resisting a stay, Bais Yaakov identifies cases where the court elected not to impose a stay. See e.g., Chapman, 2015 WL 4652878, at *3; Hooks v. Landmark Indus., Inc., —F.3d—, —, No. 14-20496, 2015 WL 4760253, at *3 n.6 (5th Cir. Aug. 12, 2015). In Chapman, the Seventh Circuit declined to stay the case in light of Campbell-Ewald. 2015 WL 4652878, at *3. That decision, however, was motivated by the Circuit Court's desire "to clean up the law of this circuit promptly, rather than require Chapman and others in his position to wait another year for the Supreme Court's decision." Id. In Hooks, the Fifth Circuit recognized the pendency of Campbell-Ewald but did not stay the case, noting, however, that "[t]he parties have not requested a stay pending the outcome of that case, and due to the uncertainty of timing and nature of resolution, we ordinarily do not wait in such situations." Hooks, 2015 WL 4760253, at *3, n.6. Neither Chapman nor Hook suggest that a stay is inappropriate here. Unlike Chapman, this Court is not in the position of needing to settle uncertainty in the circuit, and unlike Hooks, Varitronics has moved for a stay.

Bais Yaakov also argues a stay is inappropriate because of the prejudice it will incur by delay. Bais Yaakov contends that staying this case risks evidence destruction because telephone records—records which Bais Yaakov asserts are directly relevant to this lawsuit—may be

---

³ Found in the record at Second Freeman Decl. [Docket No. 55] Ex. N .

⁴ Found in the record at Second Freeman Decl. Ex. O.

destroyed by currently unknown telephone companies before the stay is lifted.  The concerns of destruction of evidence are unpersuasive for a number of reasons.  Most importantly, Bais Yaakov has already received a significant amount of documentary evidence from R&M, the third-party that allegedly sent the Fax Advertisements on Varitronics' behalf.  The evidence includes a record of its WestFax account, which was the exclusive service R&M used to transmit any fax advertisements during the class period.  Second Freeman Decl. Ex. P 28:23–29:11.  Bais Yaakov, however, now contends that Varitronics may have used additional advertisers to send faxes that also violate the TCPA.  However, the Complaint specifies that the eight faxes giving rise to this lawsuit were sent by R&M, alleging that "Varitronics and R&M, jointly and severally" sent the allegedly impermissible Fax Advertisements.  Compl. ¶ 10.  Bais Yaakov's current argument of need for discovery from other unknown fax advertisers has no factual basis in the Complaint.  Any delay in discovery from these currently unidentified tangential parties does not prejudice Bais Yaakov.

Bais Yaakov's claims of prejudice must be balanced with the preservation of resources and the interests of all parties.  The question the Supreme Court is anticipated to answer is likely dispositive of Bais Yaakov's claims.  Waiting until the Supreme Court has ruled may avoid expending unnecessary resources.  Furthermore, the stay will be of short duration since the argument in Campbell-Ewald is scheduled to occur in less than two months.

In short, although the risk of lost or destroyed evidence is always a concern whenever pending litigation is stayed, the threat here is insufficient to offset the practicalities of staying the

case until the Supreme Court provides direction.[5]

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:  Varitronics, LLC's Motion to Dismiss, for Stay, and for Summary Judgment [Docket No. 43] is **GRANTED IN PART**.  This litigation is **HEREBY STAYED** pending the resolution of the United States Supreme Court's decision in Campbell-Ewald.  The parties shall file a notice with this Court when the Supreme Court issues its ruling or otherwise disposes of the Campbell-Ewald case.  The Court shall set a case management conference upon receipt of that notice.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 28, 2015.

---

[5] On December 19, 2014, one day after filing its Complaint, Bais Yaakov filed a class certification motion [Docket No. 5], informing the Court in a Letter [Docket No. 9] that the motion was a precautionary measure against a potential Rule 68 "pick off" attempt.  At that time, in Damasco, the Seventh Circuit ruled that a Rule 68 offer made before a class certification motion is filed mooted the class claims.  Although Damasco has since been overturned, Bais Yaakov's motion is still pending.  Because this case will be stayed, Bais Yaakov's class certification motion will be administratively terminated.  Any rights Bais Yaakov may have with respect to the timeliness of a Rule 68 offer of judgment for mootness purposes are preserved.