UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bais Yaakov of Spring Valley,
on behalf of itself and all others
similarly situated,

      Plaintiff,

      **MEMORANDUM OPINION**
 v.    **AND ORDER**
      Civil No. 14-5008 ADM/FLN

Varitronics, LLC,

      Defendant.

_____

Aytan Yehoshua Bellin, Esq., Bellin & Associates LLC, White Plains, NY, and Brant D. Penney, Esq., Reinhardt Wendorf & Blanchfield, St. Paul, MN, on behalf of Plaintiffs.

Bryan R. Freeman, Esq., Lindquist & Vennum LLP, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Varitronics, LLC's ("Varitronics") Objection [Docket No. 73] to Magistrate Judge Franklin L. Noel's February 29, 2016 Order [Docket No. 72]. Judge Noel's Order denied Varitronics' Motion to Deposit Funds into the Court Registry [Docket No. 63]. For the reasons stated below, Varitronics' Objection is overruled and the Order is affirmed.

## II. BACKGROUND

The complete factual background of this putative class action case is fully recited in this Court's April 3, 2015 Memorandum Opinion and Order [Docket No. 35] and is incorporated by reference. Briefly, Bais Yaakov of Spring Valley ("Bais Yaakov") alleges that Varitronics sent eight unauthorized fax advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and New York General Business Law § 396-aa. Compl. [Docket

No. 1] ¶ 1.

On August 28, 2015, this action was stayed pending resolution of the United States Supreme Court's decision in <u>Campbell-Ewald Co. v. Gomez</u>. <u>See</u> Mem. Op. Order [Docket No. 60]. <u>Campbell-Ewald</u>, decided on January 20, 2016, addressed the broad question of whether an unaccepted offer of judgment made pursuant to Federal Rule of Civil Procedure 68 to the named plaintiff rendered a putative class action moot when the complaint was seeking relief on behalf of the named plaintiff and a class of persons similarly situated. 136 S.Ct. 663, 665 (2016). That question was answered in the negative. <u>Id.</u>

After <u>Campbell-Ewald</u>'s resolution, Varitronics moved under Federal Rule of Civil Procedure 67 and Local Rule 67.1 to deposit $13,000—the amount Varitronics claims provides Bais Yaakov complete relief for its claims—into the Court Registry in an account payable to Bais Yaakov. <u>See</u> Mot. Deposit Funds. Varitronics' motion was based on the following language in <u>Campbell-Ewald</u>:

> We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical.

<u>Campbell-Ewald</u>, 136 S.Ct. at 672. Varitronics argued that this language signals the case would have been decided differently if the defendant had deposited the full amount of the plaintiff's individual claim in an account payable to the plaintiff.

On February 29, 2016, Judge Noel denied Varitronics' motion. In reaching this decision, Judge Noel recognized that courts were split on this issue, but reasoned the fact pattern here was more akin to <u>Brady v. Basic Research</u>, a decision from the Eastern District of New York that

2

denied a similar request.  312 F.R.D. 304 (E.D.N.Y. 2016)  This Objection followed.[1]

### III.  DISCUSSION

**A.  Standard of Review**

Varitronics first argues that the standard of review governing this objection is de novo, rather than the deferential "clearly erroneous or contrary to law" standard that typically controls objections to non-dispositive orders from magistrate judges.  Varitronics posits that Judge Noel's Order, in essence, denied Varitronics' motion as futile and is therefore subject to de novo review, citing American Insurance Co. v. St. Jude Medical, Inc. in support.  597 F. Supp. 2d 973 (D. Minn. 2009).  That case, and United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932 (8th Cir. 2001), upon which American Insurance relies, applied a de novo standard when a magistrate judge denied motions to amend pleadings on futility grounds.  There is no compelling similarity the Court can discern between futility in the amended pleading context and Judge Noel's decision that denied Varitronics' request to deposit money into court.  Thus, the deferential standard of review will be applied.

The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).  "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of

---

[1] After briefing their respective positions, both Varitronics and Bais Yaakov submitted letters [Docket Nos. 74, 87] that referenced new non-precedential court decisions favorable to their positions.  The letters and cited decisions have been considered.

procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

**B. Varitronics' Objection**

Varitronics first argues that Judge Noel misapplied Rule 67 to deny Varitronics' request to deposit $13,000 into the Court Registry. Varitronics contends that the question before Judge Noel was limited to whether the funds could be deposited, and did not touch on the jurisdictional implication any deposited funds may have on this case. Bais Yaakov responds by arguing that the purpose of Varitronics request was to alter the legal duties of the parties, which impermissibly extends the reach of Rule 67.

Stated fully, Rule 67(a) provides:

If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). "Rule 67 may be invoked at the Court's discretion where . . . funds are in dispute." Qwest Corp. v. Koppendrayer, No. 03-2942, 2004 WL 2315697, at *1 (D. Minn. Oct. 12, 2004) (citing Baxter v. United Forest Prods. Co., 406 F.2d 1120, 1126 (8th Cir. 1969)).

The Court finds no clear error in Judge Noel's Order. In similar motions in other putative TCPA class action cases, efforts to invoke Rule 67 to make real the hypothetical posed in Campbell-Ewald have been spurned. In Brady, which Judge Noel relied on as persuasive, defendants' Rule 67 motion was denied because the rule was invoked in an effort "to moot this case arid not to relieve themselves of the burden of administering an asset." 312 F.R.D. at 306.

procedure.'" Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

**B. Varitronics' Objection**

Varitronics first argues that Judge Noel misapplied Rule 67 to deny Varitronics' request to deposit $13,000 into the Court Registry. Varitronics contends that the question before Judge Noel was limited to whether the funds could be deposited, and did not touch on the jurisdictional implication any deposited funds may have on this case. Bais Yaakov responds by arguing that the purpose of Varitronics request was to alter the legal duties of the parties, which impermissibly extends the reach of Rule 67.

Stated fully, Rule 67(a) provides:

If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a). "Rule 67 may be invoked at the Court's discretion where . . . funds are in dispute." Qwest Corp. v. Koppendrayer, No. 03-2942, 2004 WL 2315697, at *1 (D. Minn. Oct. 12, 2004) (citing Baxter v. United Forest Prods. Co., 406 F.2d 1120, 1126 (8th Cir. 1969)).

The Court finds no clear error in Judge Noel's Order. In similar motions in other putative TCPA class action cases, efforts to invoke Rule 67 to make real the hypothetical posed in Campbell-Ewald have been spurned. In Brady, which Judge Noel relied on as persuasive, defendants' Rule 67 motion was denied because the rule was invoked in an effort "to moot this case arid not to relieve themselves of the burden of administering an asset." 312 F.R.D. at 306.

Similarly, the court in Bais Yaakov of Spring Valley v. Graduation Source, LLC also denied such a request under Rule 67. No. 14-3232, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016).

Varitronics nevertheless maintains that Judge Noel erred by invoking Campbell-Ewald to resolve the hypothetical jurisdictional question that case posed. The Court disagrees. Judge Noel concluded that Varitronics' Rule 67 motion was motivated solely to later attempt to moot Bais Yaakov's case and, because a class certification motion had not been decided, Bais Yaakov must be afforded a fair opportunity to show that class certification is warranted. Rather than decide the jurisdictional question, Judge Noel reasoned that Varitronics' effort to transition the jurisdictional question from the periphery onto center stage now was premature. Such reasoning is not clearly erroneous or contrary to law.

Finally, Varitronics argues that Judge Noel's Order is clearly erroneous because Varitronics' motion demanded an analysis of Rule 67 that is absent from the Order. This argument does not mandate overruling Judge Noel. Brady, upon which the Order relies for support, analyzes Rule 67 in the context this case presents. While the Order excerpts a passage of Campbell-Ewald, the inclusion of Brady conveys Rule 67's importance to the Order's conclusion.[2]

### IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Varitronics, LLC's Objection [Docket No. 73] is **OVERRULED**; and

---

[2] Varitronics' Objection includes additional argument that only applies if the jurisdictional question is reached. Because that question is not addressed here, Varitronics' arguments on that issue are omitted.

2.	Judge Noel's February 29, 2016 Order [Docket No. 72] is **AFFIRMED.**

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 2, 2016.