UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bais Yaakov of Spring Valley,
on behalf of itself and all others
similarly situated,

                Plaintiff,

                      **MEMORANDUM OPINION**
v.                       **AND ORDER**
                      Civil No. 14-5008 ADM/FLN

Varitronics, LLC,

                Defendant.

_____

Aytan Yehoshua Bellin, Esq., Bellin & Associates LLC, White Plains, NY, and Brant D. Penney, Esq., Reinhardt Wendorf & Blanchfield, St. Paul, MN, on behalf of Plaintiffs.

Bryan R. Freeman, Esq., Lindquist & Vennum PLLP, Minneapolis, MN, on behalf of Defendant.
_____

## I.  INTRODUCTION

On June 7, 2016, the undersigned United States District Judge heard oral argument on Defendant Varitronics, LLC's ("Varitronics") Motion to Dismiss [Docket No. 77].  Plaintiff Bais Yaakov of Spring Valley ("Bais Yaakov") opposes the motion.  For the reasons set forth below, Varitronics' motion is denied.

## II.  BACKGROUND[1]

This putative class action arises from eight unsolicited fax advertisements Bais Yaakov received between November 2013 and February 2014.  See Compl. [Docket No. 1] ¶ 10; Ex. A (the "Fax Advertisements").  Bais Yaakov alleges the sending of the Fax Advertisements violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and New York

---

[1] The background of this dispute is fully recited in the Court's April 3, 2015 Memorandum Opinion and Order [Docket No. 35].

General Business Law § 396-aa. Compl. ¶ 1.

On January 30, 2015, Varitronics moved to dismiss the Complaint, arguing that since a third party, R&M Letter Graphics, Inc., was the actual sender of the Fax Advertisements, Varitronics was not liable to Bais Yaakov. That motion was denied. See April 3, 2015 Mem. Op. Order.

Varitronics next made three offers of judgment to Bais Yaakov under Rule 68 of the Federal Rules of Civil Procedure. Varitronics offered Bais Yaakov $13,000, plus additional amounts determined by the Court for costs, in settlement of this case. See Freeman Decl. [Docket No. 46] Ex. B (May 20, 2015 Rule 68 offer); Ex. C (June 9, 2015 Rule 68 offer); Third Freeman Decl. [Docket No. 57] Ex. S (August 10, 2015 Rule 68 offer). Varitronics asserted that the $13,000 offer provided Bais Yaakov with complete relief of its claims. Bais Yaakov did not accept any of Varitronics' offers of judgment.

Varitronics then argued that because Bais Yaakov declined to accept a Rule 68 offer of judgment that would have afforded it complete relief, its claims were moot. On June 30, 2015, Varitronics again moved for dismissal. A brief stay was entered until the United States Supreme Court issued a decision in Campbell-Ewald Co. v. Gomez, which presented the mootness issue raised in Varitronics' motion. On January 20, 2016, the Supreme Court ruled that an unaccepted Rule 68 offer of judgment for complete relief to the named plaintiff in a putative class action suit did not moot the named plaintiff's individual or class claims. Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 665 (2016).

Shortly thereafter, Varitronics moved under Federal Rule of Civil Procedure 67 to Deposit Funds into the Court Registry [Docket No. 63], a motion heard by Magistrate Judge

Franklin L. Noel.  Varitronics argued that the Supreme Court left open the possibility that its decision in Campbell-Ewald would have been different if the plaintiff actually received, rather than was simply offered, complete relief.  Varitronics argued that it should be permitted to deposit funds into court, in essence to walk through the crack in the door left open by the Campbell-Ewald majority.  Judge Noel disagreed.  In denying the motion, Judge Noel concluded that Varitronics' Rule 67 motion was solely an attempt to moot the case, and that, consistent with the holding in Campbell-Ewald, Bais Yaakov must be given a fair opportunity to show whether class certification is warranted.  See Order [Docket No. 72].  That order was affirmed after review by this Court.  See May 2, 2016 Mem. Op. Order [Docket No. 90].

During the time between Judge Noel's order and this Court's affirmation of that order, Varitronics mailed Bais Yaakov a certified check for $13,000.  Freeman Decl. [Docket No. 80] Ex. A.  Bais Yaakov did not cash the check.  Instead, Bais Yaakov mailed the check back to Varitronics stating "Bais Yaakov rejects this check, rejects any offer of your client for an individual injunction, and rejects your client's attempt to moot out this case."  Bellin Decl. [Docket No. 86] Ex. A.

While its Objection [Docket No. 73] to Judge Noel's order was pending, Varitronics filed the present motion to dismiss.  Varitronics argues that the $13,000 certified check it mailed to Bais Yaakov constitutes receipt of complete relief as was contemplated in Campbell-Ewald.  Varitronics argues that the check extinguishes the controversy between the parties and thus, the case must be dismissed for lack of subject matter jurisdiction.

### III.  DISCUSSION

**A.  Motion to Dismiss Standard Under Rule 12(h)(3)**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(h)(3) is governed by the standard of Rule 12(b)(1).  Hebert v. Winona Cty., 111 F. Supp. 3d 970, 974 (D. Minn. 2015) (citing Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 879 n.3 (3d Cir. 1992).  "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991).  "The burden of proving subject matter jurisdiction falls on the plaintiff."  V S Ltd. P'ship v. Dep't of Hous. and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies."  U.S. Const., Art. III, § 2.  The Supreme Court has interpreted this provision as a mandate that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed."  Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997).  "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot."  Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (quotation marks omitted).  "A case becomes moot, however, 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'"  Campbell-Ewald, 136 S. Ct. at 669 (quoting Knox v. Serv. Emps., 132 S. Ct. 2277, 2287 (2012)).  "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot."  Knox, 132 S. Ct. at 2287.

## B. <u>Campbell-Ewald Co. v. Gomez</u>

The defendant in <u>Campbell-Ewald</u>, like Varitronics here, asserted that its unaccepted Rule 68 offer of judgment provided complete relief to the named plaintiff and therefore mooted the controversy between the parties. The Supreme Court majority disagreed, holding that an unaccepted Rule 68 offer of judgment creates no lasting right or obligation and the adversity between the parties remains. <u>Id.</u> at 665. Citing principles of contract law, the Supreme Court concluded that a rejected Rule 68 offer has no continuing efficacy and the plaintiff's claims retained vitality. <u>Id.</u> at 670. The final paragraphs of the majority decision that addressed this question, however, breathed some potential wind into the sails of defendants hoping to moot putative class action against them. First, the majority distinguished a trio of railroad-tax cases in which the Supreme Court had held that a plaintiff's actual receipt of the amount in controversy mooted the claim. <u>Id.</u> at 671–72 (citing <u>Little v. Bowers</u>, 134 U.S. 547 (1890); <u>San Mateo Cty. v. S. Pac. R. Co.</u>, 116 U.S. 138 (1885); <u>California v. San Pablo & Tulare R. Co.</u>, 149 U.S. 308 (1893)). The <u>Campbell-Ewald</u> Court explained that "[n]one of those decisions suggests that an unaccepted settlement offer can put a plaintiff out of court," because they "involved actual payment of the taxes for which suit was brought. In all three cases, the . . . payments had fully satisfied the asserted tax claims, and so extinguished them." <u>Id.</u> at 671. Turning back to the facts at hand, the majority concluded that "an unaccepted settlement offer or offer of judgment did not moot a plaintiff's case" because the plaintiff "remained emptyhanded." <u>Id.</u> at 672. However, the majority concluded this section of the opinion by stating:

> We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not

hypothetical.

Id. at 672.

The dissenting opinions of Chief Justice Roberts and Justice Alito signaled their position on the majority's hypothetical. The Chief Justice wrote, "[t]he majority does not say that <u>payment</u> of complete relief leads to the same result. For aught that appears, the majority's analysis may have come out differently if Campbell had deposited the offered funds with the District Court." <u>Id.</u> at 683 (emphasis in original). Justice Alito was even more clear, stating that "I am heartened that the Court appears to endorse the proposition that a plaintiff's claim <u>is</u> moot once he has received full redress from the defendant for the injuries he has asserted." <u>Id.</u> at 685 (emphasis in original and quotation marks omitted).

### C. Post-<u>Campbell-Ewald</u>

Not surprisingly, in the wake of <u>Campbell-Ewald</u>, class action defendants have seized upon this language and have attempted to moot cases by making real the hypothetical posed by the <u>Campbell-Ewald</u> majority. The results have been mixed. In some putative class action cases, tendering full satisfaction of the named plaintiff's claims was sufficient to moot their individual claims. <u>S. Orange Chiropractic Center, LLC v. Cayan LLC</u>, No. 15-13069, 2016 WL 1441791, at *4–5 (D. Mass. April 12, 2016); <u>Leyse v. Life Entm't Servs., LLC.</u>, No. 13-5794, 2016 WL 1253607, at *2 (S.D.N.Y. Mar. 17, 2016). However, other courts have concluded that tendering to the plaintiff the full amount of its individual claims did not moot the case or controversy between the parties. <u>Radha Giesmann, MD, P.C. v. Am. Homepatient, Inc.</u>, No. 14-1538, 2016 WL 3407815, at *3 (E.D. Mo. June 16, 2016); <u>Family Med. Pharmacy, LLC v. Perfumania Holdings, Inc.</u>, No. 15-563, 2016 WL 3676601, at *6–8 (S.D. Ala. July 5, 2016);

Ung v. Universal Acceptance Corp., No. 15-127, 2016 WL 3136858, at *5–7 (D. Minn. June 3, 2016).

**D. Varitronics' Motion**

Varitronics argues that the certified check represents unconditional payment of complete relief that renders Bais Yaakov's individual claims and its putative class claims moot. Varitronics contends the majority holding in Campbell-Ewald is not dispositive of this motion because Bais Yaakov actually received payment rather just an offer of payment of its full claim. Varitronics argues that the facts here are now aligned with the cases cited in Campbell-Ewald that concluded the case was moot because complete relief had been received. Bais Yaakov responds that the dissenting opinions in Campbell-Ewald do not confirm that a Supreme Court majority would hold that tendering full satisfaction of a plaintiff's claim would moot the case. In addition, Bais Yaakov argues that the Supreme Court has been clear that named plaintiffs in putative class action suits must be given an opportunity to show that class certification is warranted.[2]

Campbell-Ewald held that an unaccepted offer of payment pursuant to Rule 68 of the Federal Rules of Civil Procedure did not moot the case. Varitronics urges a fundamental distinction between an unaccepted offer of payment and a rejected tender of payment. Ung rejected this view, stating that "there is no principled difference between a plaintiff rejecting a tender of payment and an offer of payment." 2016 WL 3136858, at *5 (emphasis in original).

---

[2] Bais Yaakov also argues that the certified check sent by Varitronics falls short of providing complete relief. According to Bais Yaakov, its individual claims amount to $60,000, not $13,000, because each fax advertisement included at least four violations of the TCPA. Since resolution of this motion does not hinge on resolving this issue, the Court declines to reach this issue.

Other courts agree. Radha Giesmann, 2016 WL 3407815, at *3; Family Med., 2016 WL 3676601, at *6. The reasoning in those cases is persuasive.

One fundamental problem with Varitronics' argument is that Bais Yaakov rejected the certified check it received. Because of Bais Yaakov's rejection, the authority Varitronics cites is inapposite. In San Pablo, by operation of a state statute, depositing money into a bank had the same effect as actual payment and receipt of the money." 149 U.S. at 314.[3] In Alvarez v. Smith, where the relief sought was the return of cars and cash seized by police, in separate state-court proceedings, the State had "returned all the cars that it seized" and the plaintiffs "either forfeited any relevant cash or ha[d] accepted as final the State's return of some of it." 558 U.S. 87, 89, 95–96 (2009). And in Already, LLC v. Nike, Inc., Nike's unilateral covenant not to sue afforded Already absolute protection from future trademark litigation, which was the risk that conferred standing on Already to challenge Nike's trademark. 133 S. Ct. 721, 725, 727–29 (2013). In each case, the controversy was extinguished and the case moot because the plaintiff had received "full redress for the injuries asserted in their complaints." Campbell-Ewald, 136 S. Ct. at 671, n.5. As noted in Ung, Bais Yaakov was under no obligation to accept the certified check. 2016 WL 3136858, at *5. Bais Yaakov's exercise of its right to refuse the certified check places this case beyond the precedential grip of San Pablo, Alvarez, and Already.[4]

---

[3] Varitronics questions the difference between San Pablo and what occurred here, claiming that there is no question that Bais Yaakov actually received the $13,000 check. The material distinction between San Pablo and the facts here is that Bais Yaakov refused and returned the check. By power of the statute at issue in San Pablo, it does not appear that refusing the funds was an option.

[4] There is countervailing authority on this issue that mailing a certified check for the full amount of plaintiff's claims does moot the named plaintiff's case. See, e.g., Price v. Berman's Auto., Inc., 2016 WL 1089417 (D. Md. Mar. 21, 2016). But despite Campbell-Ewald being

Also, by granting Varitronics' dismissal motion now, Bais Yaakov would be precluded from demonstrating that class certification is warranted.[5] This consideration was thoroughly assessed in Ung and the Court agrees with its conclusion. 2016 WL 3136858, at *6–7. Other courts have noted that accepting Varitronics' argument is at odds with the Supreme Court's caution against "plac[ing] the defendant in the driver's seat" of the case. Campbell-Ewald, 136 S. Ct. at 672. Furthermore, accepting Varitronics' argument endorses a "whac-a-mole" approach to defending class actions: when a named plaintiff appears, defendants could tender full relief to that individual—which is only a fraction of the potential classwide damage—to eliminate them from of the case. Even in South Orange Chiropractic, which concluded that the individual plaintiff's claims were mooted by defendant's tender, the class claims were allowed to proceed. 2016 WL 1441791, at *5–7. In denying defendant's motion to certify that order for interlocutory appeal, the court noted that "every attempt by a defendant to 'pick off' the named plaintiff with hopes of mooting the proposed class action has been rebuffed." S. Orange Chiropractic Center, LLC v. Cayan LLC, No. 15-13069, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016). The $13,000 certified check Varitronics mailed to Bais Yaakov does not deprive this Court of subject matter jurisdiction.

---

decided only six months ago, a majority of cases to reach this issue have concluded otherwise, that Varitronics' approach does not moot Bais Yaakov's individual claims.

[5] This fact diminishes the persuasive effect of Leyse because in that case, the plaintiff's motion for class certification had already been denied. 2016 WL 1253607, at *1.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Varitronics, LLC's Motion to Dismiss [Docket No. 77] is **DENIED.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 28, 2016.