UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bais Yaakov of Spring Valley,
on behalf of itself and all others
similarly situated,

                Plaintiff,

    v.                            **MEMORANDUM OPINION AND ORDER**
                                      Civil No. 14-5008 ADM/FLN

Varitronics, LLC,

                Defendant.

_____

Aytan Yehoshua Bellin, Esq., Bellin & Associates LLC, White Plains, NY, and Brant D. Penney, Esq., Reinhardt Wendorf & Blanchfield, St. Paul, MN, on behalf of Plaintiffs.

Bryan R. Freeman, Esq., Lindquist & Vennum LLP, Minneapolis, MN, on behalf of Defendant.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Bais Yaakov of Spring Valley's ("Bais Yaakov") Amended Objection [Docket No. 119] to Magistrate Judge Franklin L. Noel's July 1, 2016 Order [Docket No. 115].  Judge Noel's Order denied the portion of Bais Yaakov's Motion to Compel [Docket No. 95] that sought discovery regarding facsimile advertisements that Defendant Varitronics, LLC ("Varitronics") sent without the assistance of R&M Letter Graphics, Inc. ("R&M").  For the reasons set forth below, Bais Yaakov's Amended Objection is overruled and the Order is affirmed.

## II.  BACKGROUND

This putative class action arises from eight unsolicited fax advertisements Bais Yaakov received between November 2013 and February 2014 that Bais Yaakov contends violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and New York General

Business Law § 396-aa.  See Compl. [Docket No. 1] ¶ 10; Ex. A (the "Fax Advertisements").

The full background of this dispute has been fully recited in the Court's previous opinions and is incorporated by reference.

On June 6, 2016, Bais Yaakov filed a Motion to Compel [Docket No. 95] discovery of, among other things, fax advertisements Varitronics sent without the assistance of R&M to the three proposed classes in this case.  Judge Noel denied that request, concluding that the Complaint "clearly indicates that [Bais Yaakov's] claims are limited to only faxes sent by both R&M and [Varitronics]."  Order at 1.

Bais Yaakov timely objected, arguing that Judge Noel's Order is clearly erroneous because the Complaint contemplates that Varitronics sent offending fax advertisements independent of R&M.

### III.  DISCUSSION

The district court must affirm a decision by a magistrate judge on a nondispositive issue unless the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).  "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

Judge Noel's Order is not clearly erroneous.  Although the Complaint does thrice use the

phrase "jointly and severally" when describing Varitronics and R&M's cooperation to send offending fax advertisements, this does not invalidate Judge Noel's conclusion that the "Complaint as a whole clearly indicates that [Bais Yaakov's] claims are limited to only faxes sent by both R&M and [Varitronics]." Order at 1. Outside of those three instances, the Complaint unequivocally describes Bais Yaakov's claims as being limited to faxes sent by R&M and Varitronics. The three proposed classes identified in the Complaint include individuals "[Varitronics] and R&M sent or caused to be sent." Compl. ¶ 38. The class certification factors—numerosity, commonality, typicality and adequacy—discussed in the Complaint exclusively employ phraseology that includes both Varitronics and R&M. Id. ¶¶ 39–50. Finally, the claims recited in the Complaint allege violations of the TCPA and New York state law due to the cooperative conduct of Varitronics and R&M. Id. ¶¶ 52–68.

  The authority Bais Yaakov cites in support of its argument does not demonstrate that Judge Noel's Order is clearly erroneous. Accordingly, Bais Yaakov's Amended Objection is overruled and the Order is affirmed.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Bais Yaakov of Spring Valley's Amended Objection [Docket No. 119] is **OVERRULED**; and

2. Judge Noel's July 1, 2016 Order [Docket No. 115] is **AFFIRMED.**

                                            BY THE COURT:

                                            s/Ann D. Montgomery
                                            ANN D. MONTGOMERY
                                            U.S. DISTRICT JUDGE

Dated:  August 19, 2016.